**THE LEADER LAW FIRM**
405 W. Cool Dr., Ste 107
Tucson, AZ 85704
Phone (520) 575-9040
Fax (520) 575-9340

**John P. Leader, Esq.**
SBN 012511 / PCN 64791
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SCOTT M. SCHORE, a married man. | )<br>) No.<br>) |
| Plaintiff, | ) |
| v. | ) |
| HEATH RAY HERMAN, individually, and the marital community of HEATH RAY HERMAN, Husband, and JANE DOE HERMAN, Wife; CONTINENTAL INTERMODAL GROUP – TRUCKING LLC, a Foreign Corporation, | ) COMPLAINT<br>) (Tort Motor-Vehicle)<br>)<br>) (Assigned to the Hon.:          )<br>)<br>) |
| Defendant. | ) |

COMES NOW, the Plaintiff, by and through counsel undersigned, and for his complaint against the Defendants, states, alleges and complains as follows:

1. Plaintiff Scott Schore resides in Pima County and is a citizen of the State of Arizona.

2. Defendant Heath Ray Herman, on information and belief, resides in Livingston, Texas and presumably is a citizen of the State of Texas.

3. Defendant Continental Intermodal Group – Trucking LLC is a foreign corporation, on information and belief, licensed in Oklahoma and Texas, and doing business and providing services in the State of Texas and elsewhere. Defendant Continental Intermodal Group Trucking LLC (hereinafter "Continental") is vicariously liable for the negligence of its employees, including but not limited to its agents, independent contractors, ostensible agents, and/or shareholders.

4. This court is vested with jurisdiction under 28 U.S.C. §1331 because of diversity of citizenship and because the value of the claim is more than $75,000.00.

5. At all relevant times, Defendant Heath Ray Herman was an employee of Defendant Continental and was acting in the course and scope of his employment.

6. All of the acts complained of herein occurred on behalf of and in furtherance of the marital community of Defendant Heath Ray Herman and Jane Doe Herman and were done for a family purpose.

7. Events giving rise to this cause of action occurred in Reeves County, Texas and elsewhere.

8. On December 24, 2018, Defendant Heath Ray Herman was driving a tractor owned by Continental, and pulling a trailed owned by non-party Group Trucking LLC, Continental Intermodal.

9. Plaintiff Scott Schore was driving a tractor and pulling a trailer owned by non-party Transchem Environmental.

10. Plaintiff Scott Schore was at a complete stop at a red light on the 5200 block of Highway 285 when Defendant Heath Ray Herman failed to stop behind him and caused a collision between the tractor he was driving and the trailer and tractor driven by Scott Schore.

11. As a result of the negligence of Defendant Heath Ray Herman, Plaintiff Scott Schore was seriously injured, and has incurred expenses for medical care and treatment received as result.

12. Plaintiff Scott Schore's injuries have not fully resolved and his treatment is ongoing. Future medical care will be required and additional medical expenses will be incurred.

13. Some of Plaintiff Scott Schore's injuries are likely permanent.

14. Under choice of law provisions, either Texas or Arizona substantive law should apply.

## COUNT ONE
(Negligence)

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. Defendant Heath Ray Herman had a duty to operate his vehicle in a safe and reasonable manner, including duties to obey traffic safety laws, to

3

respond to current traffic conditions, and to operate his vehicle so as to avoid injury to others.

17. Defendant Heath Ray Herman breached said duties by operating his motor vehicle in a negligent and reckless manner, and by causing a collision with the Plaintiff's vehicle.

18. As a direct and proximate result of Defendant Heath Ray Herman's negligence, Plaintiff Schott Schore suffered injuries, including but not limited to:

    Injuries to the right wrist, including torn ligament, carpal tunnel injury and cartilage damage, requiring surgical repair;

    Injuries to the right shoulder, including severe tendinosis of the distal infraspinatus tendon at the entire distal supraspinatus tendon; non-retracted full-thickness tear of the entire insertions; moderate tendinosis of the distal superior fibers of subscapularis; partial-thickness undersurface detachment tear from the lesser tuberosity; chronic non-displaced chondrolateral junction separation tear of the superior, anterior and inferior labrums.

    Injuries to the cervical spine, including Left foraminal disc protrusion at C5-6 with relatively severe left foraminal narrowing correlated clinically for left C6 radicular symptoms; Mild left foraminal narrowing at C6-7 due to left foraminal spur/protrusion; Mild left-sided facet hypertrophy at C3-4.

19. Conservative treatment for cervical injuries has been exhausted and surgery is pending.

20. As a direct and proximate result of Defendant Heath Ray Herman's negligence, Plaintiff Scott Schore has suffered past and ongoing pain, discomfort, stress, mental suffering, anxiety, and economic losses.

21. Plaintiff Scott Schore's medical treatment is ongoing and his damages continue to accrue.

22. Plaintiff Scott Schore has also suffered lost wages, a loss of earnings capacity, and a diminished quality of life.

23. Some of Plaintiff Scott Schore's injuries are likely permanent.

**COUNT TWO**
(Negligence *Per Se*)

24. Plaintiff Scott Schore incorporates by reference all preceding paragraphs as if fully set forth herein.

25. On or about December 24, 2018, Heath Ray Herman had the duty under Texas Transportation Code § 545.351 and A.R.S. §28-701 to control his speed to avoid a collision.

26. Defendant Heath Ray Herman failed to control the speed of his vehicle and as a result caused a collision with the vehicle driven by Plaintiff Scott Schore, in violation of law.

27. Defendant Heath Ray Herman was negligent *per se* as defined by Texas and Arizona law set forth above:

28. As a direct and proximate result of Defendant Heath Ray Herman's negligence *per se*, Plaintiff Scott Schore suffered injuries, as described above, for which he has undergone medical treatment and for which his treatment is continuing.

29. As a direct and proximate result of the Defendant Heath Ray Herman's negligence, Plaintiff Scott Schore has suffered past, and ongoing pain, discomfort, stress, mental suffering, anxiety, and economic loss.

30. Plaintiff Scott Schore's medical treatment is ongoing and his damages continue to accrue.

31. Plaintiff Scott Schore has also suffered lost wages, a loss of earnings capacity, and a diminished quality of life.

32. Some of Plaintiff Scott Schore's injuries are likely permanent.

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant judgment in their favor and against the Defendants, and each of them, as follows:

a. For compensatory damages in an amount to compensate Plaintiff Scott Schore for all damages, including his medical expenses incurred as a result of this collision;

b. For compensatory damages in an amount to compensate Plaintiff Scott Schore for his medical expenses reasonably anticipated to be incurred in the future;

      c.      For compensatory damages in an amount to compensate Plaintiff Scott Schore for the professional opportunities denied and the professional setbacks experienced by him as a result of this collision;

      d.      For compensatory damages in an amount to compensate Plaintiff Scott Schore for his pain and suffering and his diminished quality of life;

      e.      For compensatory damages in an amount to compensate Plaintiff Scott Schore for his lost wages and lost earnings capacity;

      f.      For punitive or exemplary damages, as may be appropriate;

      g.      For costs of suit expended and accruing herein; and

      h.      For such other relief as the Court may deem appropriate.

DATED this 10th day of December, 2019

**THE LEADER LAW FIRM**

 /s/   John P. Leader
John P. Leader, Esq.